D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ENKEL AHMETI, on behalf of himself and
others similarly situated,

                Plaintiff,

                v.

CENTRAL PARK BOATHOUSE, LLC,
and DEAN POLL,

                Defendants.
-------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Central Park Boathouse LLC is a New York limited liability corporation operating the Central Park Boathouse Restaurant in Manhattan. .

5. Central Park Boathouse LLC has an annual gross volume of sales in excess of $500,000.

6. Central Park Boathouse LLC is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed Plaintiff and similarly situated employees.

7. Defendant Dean Poll is a managing owners of Central Park Boathouse, and as such have ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

8. Plaintiff Enkel Ahmeti worked as a server at Central Park Boathouse from early 2011 until late 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all front-of-the-house tipped employees, including captains, servers assistants, bartenders, bussers, runners and servers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiff").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the wrong overtime rate. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiff.

11. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiff are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all front-of-house tipped employees, including captains, servers assistants, bartenders, bussers, runners and servers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiff and Class members for overtime.

g) Whether Defendants provided Plaintiff and Class members with the proper wage notices.

## FACTS

20. Plaintiff's Consent to Sue form is attached as Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants paid Plaintiff an hourly wage that was lower than the NY minimum wage.

23. For example, in 2015, Defendants paid Plaintiff $6.70 per hour, when the NY minimum wage was $8.75 for employees such as Plaintiff.

24. Defendants were not entitled to pay Plaintiff under the lower minimum wage applicable to food service workers because they did not notify him in writing at the beginning of his employment and at the beginning of each year that the minimum wage changed: (a)

explaining the full minimum wage, and (b) explaining that they intended to take a specific tip credit.

26. In addition, Defendants were not entitled to pay Plaintiff the tip credit minimum wage for the many shifts during which Plaintiff spent more than 20% of his time performing non-tipped side-work.

26. For example, Plaintiff was often required to work lunch-only shifts. During these shifts, Plaintiff arrived at 10:00 a.m. and worked until 5:00 p.m. The doors of the restaurant did not open until 12:00 p.m. Plaintiff spent a full one and a half to wo hours on these days performing non-tipped work such as set up and attending pre-shift meetings.

27. Plaintiff on occasion worked in excess of 40 hours per workweek and at the end of each year, his paystubs reflected that he was in fact for overtime hours over the course of the year.

28. Defendants factored a tip-credit into Plaintiff's overtime rate, but they were not entitled to do so, as they were not entitled to any tip credits against Plaintiff's wages.

29. Plaintiff's weekly pay statements did not include any information regarding the tip credit, in violation of NYLL § 195(3).

30. Defendants knew that nonpayment of minimum wage/overtime would economically injure Plaintiff and violated federal and state laws.

31. Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiff.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

32. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. At all relevant times, Central Park Boathouse has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Central Park Boathouse has employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

34. Throughout the statute of limitations period covered by these claims, Central Park Boathouse knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

35. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiff)**

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

38. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff had been entitled to overtime.

39. Plaintiff, on behalf of themselves the FLSA Collective Plaintiff, seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. Defendants knowingly failed to pay Plaintiff and members of the Class the full New York State minimum wage.

42. Defendants did not pay Plaintiff and members of the Class the New York minimum wage for all hours worked.

43. Defendants' failure to pay Plaintiff and members of the Class the New York minimum wage was willful.

44. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.* N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4)
### (Brought By Plaintiff on Behalf of Himself and the Class)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

47. Defendants willfully, regularly and repeatedly failed to pay Plaintiff and members of the Class at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

48. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought By Plaintiff on Behalf of Himself and the Class)

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants did not provide Plaintiff and members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiff;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
March 22, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____  
D. Maimon Kirschenbaum  
32 Broadway, 5th Floor  
New York, NY 10279  
Tel: (212) 688-5640  
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# Exhibit A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Central Park Boathouse, LLC** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

ENKEL AHMETI
Full Legal Name (Print)

*/s/ Enkel Ahmeti*
Signature

03-22-2018
Date